(81 South. 364)

BRYANT v. LANE. (7 Div. 523.)

(Court of Appeals of Alabama. March 18, 1919.)

1. APPEAL AND ERROR &#9758;265(3)—REVIEW— FINDINGS—EXCEPTIONS.

Under Code 1907, § 5359, as amended by Acts 1915, p. 824, the Court of Appeals will review the finding of the trial court on the evidence without an exception having been reserved thereto.

2. APPEAL AND ERROR &#9758;1012(1)—REVIEW— FINDINGS.

When the evidence is given ore tenus, the finding of the court will not be disturbed unless the conclusion and judgment is plainly contrary to the great weight of the evidence, notwithstanding Code 1907, § 5359, as amended by Acts 1915, p. 824.

3. HUSBAND AND WIFE &#9758;19(3)—LIABILITY OF HUSBAND—NECESSARIES—TEMPORARY SEPARATION.

A husband was liable for necessary medical attention rendered to his wife during childbirth, and to his minor children, one of whom was the child of which the mother was delivered, though, at time such services were rendered, the wife in the nervous state incident to pregnancy had temporarily left the husband, and had gone to her

mother; such temporary separation not constituting abandonment.

Appeal from Circuit Court, Calhoun County; Hugh D. Merrill, Judge.

Action by A. W. Lane against L. D. Bryant. Judgment for plaintiff, and defendant appeals. Affirmed.

Action in assumpsit. From a judgment for plaintiff, defendant appeals.

P. F. Wharton, of Anniston, for appellant.
Charles D. Kline, of Anniston, for appellee.

SAMFORD, J. [1, 2] Under section 5359 of the Code of 1907, as amended by Acts of 1915, p. 824, this court, on appeal, will review the finding of the court on the evidence without an exception having been reserved thereto. But notwithstanding the statute, when the evidence is given ore tenus, the finding of the court will not be disturbed unless the conclusion and judgment is plainly contrary to the great weight of the evidence. Deal v. Houston Co., 78 South. 809,[1] and authorities there cited. Keeping in mind the foregoing rule, we are of the opinion that the findings of the court on the facts were without error.

[3] The case at bar was a suit by a physician for necessary medical attention rendered to defendant's wife during childbirth and to his minor children, one of whom was the child of which the mother was delivered. It was found by the court that the defendant and his wife were temporarily apart, but were not divorced, and that defendant had requested plaintiff not to render any medical attention on his account; that the services rendered were necessary. There is no contention but that the defendant would be liable if the wife had not abandoned him without cause, and we hold that the holding of the trial court in the finding of fact that the separation was temporary does not amount to an abandonment. And in this respect the case is differentiated from Johnson v. Coleman, 13 Ala. App. 520, 69 South. 318.

It would be monstrous to lay down a rule that where a woman, in the nervous state incident to pregnancy, leaves her husband who is responsible for her condition. and goes temporarily to the sympathetic care of her mother, will thus be deprived of the necessities of life due her by her husband, or be forced to accept them from some one not bound by law to contribute.

This case was tried in the justice court, the justice found for the plaintiff. It was tried de novo in the circuit court, and the judge of that court, acting without a jury, found for the plaintiff; and, on the same state of facts, this court affirms his judgment.

Affirmed.