### C. M. McMAHEN & SONS v. LOUISVILLE & N. R. CO. (6 Div. 631.)

(Court of Appeals of Alabama. April 21, 1925. Rehearing Denied June 30, 1925.)

**1. Appeal and error ⬅1047(1)—Error in rulings on admitted issues without injury.**

In action for negligent injury to potatoes in shipment, where there was no question of ownership or right of defendant to maintain suit, any error in rulings of court on evidence concerning such issues is without injury.

**2. Appeal and error ⬅1012(1)—Where evidence is given ore tenus, findings not disturbed, unless judgment against weight of evidence, though statute permits review of findings without exceptions.**

Under Code 1907, § 5359, as amended by Acts 1915, p. 824, court on appeal will review findings of trial court on evidence, without exception having been reserved thereto, but, where evidence is given ore tenus, findings will not be disturbed, unless conclusion and judgment is contrary to great weight of evidence.

**3. Carriers ⬅159(4)—Defense that claim for loss not made within six months not available where bill of lading did not require claim if loss resulted from negligence.**

In action for injury to potatoes in shipment defense that claim for loss was not made within six months, as required by bill of lading, is not available, where bill of lading further provided that, if loss was result of negligence, filing of claim is not required.

**4. Carriers ⬅133—Evidence ⬅317(10)—Testimony as to soundness of potatoes, when loaded, relevant and competent, but as to other complaints and proof in another suit held hearsay.**

In action for injury to potatoes in shipment, testimony of witness that potatoes, when loaded, were not diseased, was relevant and competent, but as to whether there were other complaints, or whether he proved soundness of potatoes in a different suit, was hearsay and inadmissible.

**5. Carriers ⬅132—Proof of receipt of freight in good condition and delivery in damaged condition establishes prima facie case which may be overcome.**

Proof that freight was received by carrier in good condition, and delivered in damaged condition, establishes a prima facie claim for damages, which may be overcome by proof.

Appeal from Circuit Court, Jefferson County; John Denson, Judge.

Action for damages by C. M. McMahen & Sons against the Louisville & Nashville Railroad Company. From a judgment for defendant, plaintiff appeals. Affirmed.

Certiorari denied by Supreme Court in Ex parte C. M. McMahen & Sons, 213 Ala. 642, 106 So. 57.

M. B. Grace, of Birmingham, for appellant.

It is not proper to exclude competent evidence, because the error is without prejudice, or because the fact has been partially proved. Henderson v. P. & M. Bank, 178 Ala. 420, 59 So. 493; Monogram Co. v. L. & N., 6 Ala. App. 629, 60 So. 949; B. R., L. & P. Co. v. Demmins, 3 Ala. App. 359, 57 So. 404. A carrier, receiving freight in apparent good condition and delivering in a damaged condition, to escape liability, must prove freedom from negligence. L. & N. v. Cheatwood, 14 Ala. App. 175, 68 So. 720; Barron v. M. & O., 2 Ala. App. 555, 56 So. 862; Veitch v. I. C., 14 Ala. App. 146, 68 So. 575; A. G. S. v. Gewin & Son, 5 Ala. App. 584, 59 So. 553. In order to avail of the conditions of a bill of lading as a defense, breach of the condition must be specially pleaded. Code 1923, § 9470; Sanders v. Williams, 163 Ala. 451, 50 So. 893.

Bradley, Baldwin, All & White, McClellan, Rice & Stone, and A. K. Foster, all of Birmingham, for appellee.

Parol testimony is not admissible to prove verdict and judgment in another case. 22 O. J. 824; Fletcher v. Riley, 169 Ala. 433, 53 So. 816; Salmon v. Salmon, 13 Ala. App. 510, 69 So. 304. Exclusion of relevant testimony is not reversible error, where the party seeking to introduce it is not prejudiced thereby. Monogram Co. v. L. & N., 6 Ala. App. 629, 60 So. 949. The liability of a carrier for decay of perishable goods in transit is limited to damage caused by the carrier's negligence.

---

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Thompson v. Ala. Midland, 122 Ala. 378, 24 So. 931; 10 C. J. 120. A shipper is not entitled to recover damages from a carrier for injury to goods, where he failed to give written notice of claim as provided in the bill of lading. 10 C. J. 327, 329; A. C. L. v. Ward, 4 Ala. App. 374, 58 So. 677; 38 U. S. Stat. at L. 1196, c. 176.

SAMFORD, J. This is an action wherein plaintiff claims damages on a certain car lot of Irish potatoes shipped from Pollard, Ala., to St. Louis, Mo., in which it was claimed by the plaintiff that as a proximate result of defendant's negligence the potatoes became damaged by rot. The defendant pleaded the general issue, in short by consent with leave to give in evidence any matter of special defense as if the same had been specially pleaded. The defense was: (1) That the potatoes were damaged by reason of a certain disease, incident to their growth; (2) that there was a clause in the bill of lading requiring claims for loss, damage, or injury to be made in writing within six months after delivery, and that this was not done.

[1] There was no question as to the ownership of the potatoes or the right in plaintiff to maintain the suit, and hence any error arising in rulings of the court upon evidence tending to establish ownership and right of action would be without injury. Monogram Co. v. L. &. N. R. R. Co., 6 Ala. App. 629, 60 So 949.

In the instant case, the plaintiff made out its prima facie case, which without plea and proof entitled plaintiff to recover, and that part of plaintiff's evidence showing ownership, right to maintain the action, and the amount of damage was without dispute; in fact, the finding of the trial judge renders harmless all errors affecting the above issues, so far as plaintiff is concerned, when he announced as a part of his decision: "The question is, who is liable?" The remainder of the court's decision was confined to proof under questions (1) and (2) as indicated supra.

[2] 1. Under section 5359 of the Code of 1907, as amended by Acts 1915, p. 824, this court on appeal will review the findings of the trial court on the evidence without an exception having been reserved thereto. Notwithstanding the statute, however, when the evidence is given ore tenus, the finding of the trial court will not be disturbed, unless the conclusions and judgment are plainly contrary to the great weight of the evidence. Bryant v. Lane, 17 Ala. App. 28, 81 So. 364; Deal v. Houston County, 201 Ala. 431, 78 So. 809; Corcoran v. State, 18 Ala. App. 202, 89 So. 835. In this case we cannot say the great weight of the evidence is contrary to the finding of the trial court.

[3] 2. The appellee raises the question that there was a stipulation in the bill of lading that "claims for loss, damage, or injury to property must be made in writing to the originating or delivering carrier or carriers issuing this bill of lading within six months after delivery of the property." While this would be a good plea, if proven (A. C. L. R. R. Co. v. Ward, 4 Ala. App. 374, 58 So. 677), the bill of lading introduced in evidence stipulates:

"(b) If such loss, damage or injury was due to * * * carelessness or negligence, then no notice of claim nor filing of claim shall be required as a condition precedent to recovery."

That part of defendant's defense, a nonfiling of claim within six months, must fail.

As we have already seen, the exclusion of the telegrams sent by Shaw & Richmond Produce Company to plaintiff, relative to the purchase of the car of potatoes, if error, was without injury. The ownership and right of action was proven to be in plaintiff, and was so considered by the court in making his decision.

[4] The witness Findley testified without objection that these potatoes, when loaded at Pollard, Ala., "were not in anywise diseased." This was relevant and competent, but as to whether he had had any complaints other than as to the car in question, or whether he proved the fact of the soundness of the potatoes to a jury of Escambia county in a suit involving these potatoes, was hearsay and inadmissible.

[5] A carrier receiving freight in apparently good condition and delivering it in a damaged condition has the burden cast upon it of overcoming a prima facie claim for damages. This is a prima facie presumption which may be overcome by proof, and this was the principal issue determined in this case.

We find no reversible error in the record, and the judgment is affirmed.

Affirmed.