(107 So. 724)

## GRANT v. HENDERSON-PIERCE MOTOR CO.  (4 Div. 183.)

(Court of Appeals of Alabama.    March 16, 1926.)

Appeal and error ☞1008(1)—Where case is tried without jury, conclusion of judge on facts from oral evidence is conclusive, unless manifestly wrong, notwithstanding statute providing for review of causes heard without jury without presumptions in favor of court below (Code 1923, § 9498).

Where a civil case is tried by the court without jury conclusion of judge on the finding of fact from oral evidence has effect of verdict, and will not be set aside, unless contrary to great weight of evidence, plainly erroneous or manifestly wrong, notwithstanding Code 1923, § 9498, providing for review of causes heard by court without jury without presump-

tions in favor of court below on law or evidence.

Appeal from Circuit Court, Pike County; W. L. Parks, Judge.

Claim suit between the Henderson-Pierce Motor Company and Mattie Kysar Grant. From a judgment for plaintiff, claimant appeals. Affirmed.

Ballard & Brassell, of Troy, for appellant.

It is required that the appellate court review the record, without any presumption in favor of the court below. Code 1923, § 9498.

A. G. Seay, of Troy, for appellee.

Where a cause is tried without a jury, the finding of the count on facts given orally will have the effect of a jury verdict, and will not be disturbed, unless plainly wrong. Odom v. County Coal Co., 103 So. 42, 212 Ala. 374.

SAMFORD, J.    The trial was had before the judge without the intervention of a jury, and the evidence was taken ore tenus. Long after the adoption of Acts 1915, p. 824 (now incorporated in section 9498 of the Code of 1923), the Supreme Court and this court have held:

"When a civil case is tried by the court without a jury, the conclusion of the trial judge upon the finding of fact from the evidence given ore tenus has the effect of a verdict of a jury, and will not be set aside, unless that judgment is contrary to the great weight of the evidence; that is, plainly erroneous or manifestly wrong." Halle v. Brooks, 96 So. 341, 209 Ala. 486.

We would not be authorized to disturb the judgment appealed from.

There is no error in the record, and the judgment is affirmed.

Affirmed.