(114 So. 278)

## ALABAMA COCA–COLA BOTTLING CO. v. EZZELL. (7 Div. 339.)

Court of Appeals of Alabama. Nov. 1, 1927.

Knox, Acker, Sterne & Liles, of Anniston, for appellant.

Longshore & Longshore, of Gadsden, and Rutherford Lapsley, of Anniston, for appellee.

BRICKEN, P. J. This was an action for damages. The appellee (plaintiff below) brought suit against appellant, wherein it was alleged that the defendant was engaged in the business of bottling and selling to the

retail trade, for sale to the general public, a beverage known as Coca-Cola; that he purchased a bottle of this beverage from a retail dealer, which had been bottled and put up and sold by defendant to said retailer; and that after drinking some of the contents of the bottle, he discovered there was a dead mouse in said bottle, and as a result thereof he, the plaintiff, was poisoned, made sick and greatly nauseated, and was thus caused great physical suffering, nausea, and pain for many hours, and was thereby greatly humiliated, outraged, and chagrined, etc., all proximately resulting from the use of the beverage from the bottle of Coca-Cola, and which damage and injury resulted to plaintiff as a proximate consequence of the negligence of the defendant in bottling and selling to the retail trade, for use by the public, Coca-Cola in condition above described, etc. There was judgment for plaintiff, from which this appeal was taken.

■ There were demurrers, of a general nature, interposed to the complaint. These, we think, were properly overruled, for it is apparent that the complaint in its ordinary meaning and construction stated a good cause of action.

■ The rule is well established that the seller of products that are to be used for human consumption warrants that they are suitable for that purpose. Coca-Cola Bottling Co. v. Barksdale, 17 Ala. App. 606, 88 So. 36.

In this case a jury question was presented, thus rendering inapt the affirmative charge in favor of defendant. Moreover, the court must be sustained in refusing said charge under the authority of Bellingrath v. Anderson, 203 Ala. 62, 82 So. 22. In that case the court said:

"The defendant moved the court 'to have the jury go to its [i. e., defendant's] plant and inspect the machinery [which, we interpose, the defendant's evidence disclosed was used to clean and purify the bottles before they were filled, and to fill them] and to see how it was operated.' The motion being granted, the bill of exceptions recites that 'the jury went to defendant's plant, inspected and [the] machinery testified about, and saw the operation of this machinery.' It is manifest that the jury were thus afforded, through their observation and inspection of the machinery and its operation, an opportunity for and means of information that is not now presented to this court. In such circumstances it has been consistently often ruled that review cannot be accorded the action of the trial court, or of the jury in respect of conclusions upon issues of fact, including the propriety vel non of refusing the general affirmative charge, that may have been affected by the data that is not submitted to the consideration of this court. * * * This court cannot therefore enter upon the review or revision of the action of the trial court in refusing the general affirmative charge requested by defendant, appellant."

We regard the rulings of the court upon the admission of evidence as unimportant, and no error appears in this connection.

Let the judgment from which this appeal was taken stand affirmed.

Affirmed.