(128 So. 899)

**WRIGHT v. EZZELL.**

**8 Div. 8.**

Court of Appeals of Alabama.

June 10, 1930.

Travis Williams, of Russellville, for appellant.

J. Foy Guin, of Russellville, for appellee.

SAMFORD, J.

█ The appellant in his brief argues at length that the court erred in rendering judgment for plaintiff. No other assignments of error are insisted upon, and hence they are waived.

█ The issues involved the question of responsibility for a collision between two automobiles. As to both original and contributory negligence the evidence was in conflict. We have no way of knowing whether the judgment was based on the first count, which charged simple negligence, or the second count, charging wantonness. There was evidence tending to support each of these counts. The evidence was taken before the trial judge ore tenus. He had all the parties and witnesses before him. Since the case of Hackett v. Cash, 196 Ala. 403, 72 So. 52, there has been no doubt as to the duty of appellate courts with regard to judgments rendered by trial courts where the evidence is taken ore tenus and is in conflict. The case of Hackett v. Cash, supra, on this point has been cited and followed eighty-nine times by the Supreme Court and Court of Appeals. Sheppard's Anno. 253 (403).

Under the facts as shown by this record, and giving to the judgment of the trial court the weight it is entitled to under the law, we would not be justified in saying that there is error in the findings.

Let the judgment be affirmed.

Affirmed.