## CHANIN v. CHEVROLET MOTOR CO. et al. ·

No. 6081.

Circuit Court of Appeals, Seventh Circuit.

May 13, 1937.

Arthur J. Goldberg, of Chicago, Ill. (Arthur J. Goldberg and Robert E. Levin, both of Chicago, Ill., of counsel), for appellant.

Franklin D. Trueblood and Craig R. Johnson, both of Chicago, Ill. (Zane, Morse, Zimmerman & Norman, of Chicago, Ill., of counsel), for appellee Chevrolet Motor Co.

John A. Bloomingston, of Chicago, Ill., for appellee Libby-Owens-Ford Glass Co.

Before EVANS and MAJOR, Circuit Judges, and LINDLEY, District Judge.

LINDLEY, District Judge.

Appellant brought suit against the Chevrolet Motor Company, manufacturer of motor cars, Libbey-Owens-Ford Glass Company, manufacturer of glass placed in such automobiles, and Garfield Chevrolet Sales Company, dealer therein. The manufacturers, appellees herein, moved to dismiss, and the District Court sustained the motion. The only question involved is whether the complaint stated a good cause of action.

Drawn under the Illinois Practice Act (chapter 110, § 125 et seq., Smith-Hurd Ill. Stats., chapter 110, par. 129 et seq., Ill. Rev.Stat.) the complaint avers manufacture of an automobile and the glass by appellees as above set forth; that, in order to induce appellant to purchase the car from the dealer, each of appellees "promised, assured and warranted" appellant that the glass windshield was nonbreakable, shatter-proof safety glass; that it would not shatter under any impact, and that appellant would thereby be safeguarded; that appellant, relying upon these statements, purchased the automobile; that the representations were false in that the windshield was not shatter-proof and unbreakable, but was breakable; that the true facts were unknown

to appellant and that he remained ignorant of them until the accident hereinafter mentioned. Appellant also averred that, relying further upon the statements, he operated the automobile and that, as a result of a collision with another car, the windshield broke and shattered so that pieces of glass were thrown about, severely injuring him; that as a result, he became "sick, sore and disabled" and was "greatly bruised and injured," "suffering severe nervous and mental shock and experiencing great pain and suffering"; that "he will be compelled to spend large sums of money to be healed and cured"; that he has been "prevented from attending to his usual business, deprived of his earnings and is permanently injured and damaged in the sum of $10,000." There were three counts in the complaint, but all were of similar import.

The District Court considered the complaint an attempt to state a cause of action ex contractu, for breach of warranty, and held that inasmuch as no privity of contract was shown between appellees and appellant, appellees were not liable; that warranty is incidental to and grows out of contract and cannot exist where privity in agreement is lacking. Appellant insists that the complaint was sufficient; that privity of contract is not essential to such liability.

We shall not enter into a prolonged discussion as to the correct legal connotation of the word "warranty," its origin, the proper form of action for enforcing it and the legal reasoning pertaining thereto. Prof. Williston has pointed out in his work on contracts, Revised Edition, vol. 4, § 970, that, though frequently warranties are true promises and contracts, in other cases they are merely representations which induce a sale, and that if it is said that a promise or contract is implied from such representations, the implication is one of law and not of fact. He believes also that the whole law of implied warranty of quality is based upon implied representation rather than on promises.

Authorities are in divergence as to liability in actions ex contractu upon such statements of fact as appellant relies upon here. Cases that have either expressly recognized the propriety of such an action or whose language is persuasive of the court's intention to recognize such propriety are to be found in the footnote.[1] The greater majority, probably, have held that there is no liability in an action ex contractu upon so-called warranties alleged to have been made by the manufacturer. Among those are the cases in the footnote.[2]

If we are to construe the word "warranty" in its usual legal sense, as a part of a contract between two parties, an actin thereon is ex contractu and will, therefore, not lie against persons not party to the contract. But the apparent disagreement in the decisions, we believe, springs not so much from a divergence of opinion upon the propriety of relief in some manner as from disagreement as to the proper form of action. Courts and legal writers quite generally recognize that under a proper statement of facts, a cause of action ex delicto, in the nature of fraud and deceit, will lie, and those courts which have sustained rights of recovery in ac-

---

[1] Baxter v. Ford Motor Co., 168 Wash. 456, 12 P.(2d) 409, 15 P.(2d) 1118, 88 A.L.R. 521; Thomas v. Winchester, 6 N.Y. 397, 57 Am.Dec. 455; Davis v. Van Camp Packing Co., 189 Iowa, 775, 176 N.W. 382, 17 A.L.R. 649; Madouros v. Kansas City Coca-Cola Bottling Co. (Mo.App.) 90 S.W.(2d) 445; Ward Baking Co. v. Trizzino, 27 Ohio App. 475, 161 N.E. 557; Mazetti v. Armour & Co., 75 Wash. 622, 135 P. 633, 634 and 636, 48 L.R.A.(N.S.) 213, Ann.Cas. 1915C, 140; Catani v. Swift & Co., 251 Pa. 52, 95 A. 931, L.R.A.1917B, 1272; Dothan Chero-Cola Bottling Co. v. Weeks, 16 Ala.App. 639, 80 So. 734; McSpedon v. Kunz, 271 N.Y. 131, 2 N.E.(2d) 513, 105 A.L.R. 1497; Coca-Cola Bottling Works v. Lyons, 145 Miss. 876, 111 So. 305; Cudahy Packing Co. v. Baskin, 170 Miss. 834, 155 So. 217; Alabama Coca-Cola Bottling Co. v. Ezzell, 22 Ala.App. 210, 114 So. 278; Challis v. Hartloff, 136 Kan. 823, 18 P.(2d) 199.

[2] Standard Oil Co. v. Murray (C.C.A.) 119 F. 572; Kramer v. Mills Lumber Co., 24 F.(2d) 313, 60 A.L.R. 366 (C.C.A. 8); National Savings Bank v. Ward, 100 U.S. 195, 25 L.Ed. 621; Kress & Co. v. Lindsey, 262 F. 331, 13 A.L.R. 1170 (C.C.A. 5); Connecticut Pie Co. v. Lynch, 61 App.D.C. 81, 57 F.(2d) 447; Bragdon v. Perkins-Campbell Co., 87 F. 109, 66 L.R.A. 924 (C.C.A. 3); Turner v. Edison Storage Battery Co., 248 N.Y. 73, 161 N.E. 423; Flies v. Fox Bros. Buick Co., 196 Wis. 196, 218 N.W. 855, 60 A.L.R. 357.

tions ex contractu, in their reasoning, often indicate that the recovery was allowed rather upon a conception of a legal injury done by the manufacturer for which redress should be furnished by the courts under the doctrine of the common law in one of the two forms of action, ex contractu or ex delicto.

■ We conclude that no cause of action ex contractu is stated where there is no privity of contract and the complaint is based upon such a statement of an alleged misrepresentation by the manufacturer as is made here.

Appellant insists that he has stated a valid cause of action ex contractu, even though privity in the strict sense does not exist because the manufacturer is heavily interested in the distribution of its product by the retail dealer and, having carried on extensive advertising, embracing representations of fact as to the quality of merchandize, all for the promotion of sales of its product by its dealers, and having declared positively that certain qualities of workmanship, performance and operation exist, has brought about a relationship between himself and the consuming public out of which grows a direct contractual liability of the manufacturer to the purchaser from the dealer for breach of warranty. But such a statement of facts is not disclosed here. We cannot read such allegations into the complaint.

It is difficult to determine whether the complaint was intended to state a cause of action ex contractu or one ex delicto. The damages asked are those usually sought in actions ex delicto, resulting from tort and not from breach of contract. Appellant uses the word "warranty," which ordinarily is of contractual significance, but he has coupled it with other words, one of which is "assurance." Some of the definitions of "assure" are: "To declare solemnly, to assure to anyone with the design of inspiring belief or confidence." Synonyms are "declare, aver, avouch, assert, asseverate." If we assume that the fair intent of the complaint was to charge alleged misrepresentation of fact as inducement to the execution of the contract and reliance thereon by the appellant to his disadvantage, resulting in the damages claimed, then a pertinent question arises as to its sufficiency as a pleading in an action ex delicto. The damages sought to be imposed upon the appellees by the averments of this declaration are similar to those of liabilty in tort for deceit. It is drawn under a code which abolishes technical distinctions and formal requisites as to forms of action and provides that pleadings shall be liberally interpreted to promote justice. The act provides, however, that it is not intended to "affect in any way the substantial averments of fact necessary to state any cause of action." Smith-Hurd Ill.A.S. c. 110, § 155.

■ An action of deceit to recover damages for fraud inducing the making of the contract is not based upon the contract but upon the tort. 27 C.J. 16. In such actions intentional misrepresentation is an essential element. Independent Harvester Co. v. Tinsman, 253 F. 935 (C.C.A.7). The plaintiff must aver and prove, not only that the representation was false, but also that the person making it knew it to be false. Hindman v. First Nat. Bank, 112 F. 931, 57 L.R.A. 108 (C.C.A.6), certiorari denied 186 U.S. 483, 22 S.Ct. 943, 46 L.Ed. 1261. No allegation of such knowledge of falsity appears in the complaint. Hence it was defective as a statement of a cause of action ex delicto.

The motion to dismiss was properly granted. The judgment is affirmed.