2 So.2d 402

### WIGGINS et al. v. WIGGINS.
### I Div. 135.

Supreme Court of Alabama.

May 15, 1941.

Rehearing Denied June 5, 1941.

334

C. L. Hybart, of Monroeville, for appellants.

Barnett, Bugg & Lee, of Monroeville, for appellee.

LIVINGSTON, Justice.

There is but one question presented and argued in this case, and that is whether the Probate Court of Monroe County was in error in sustaining the objection of contestant, W. L. Wiggins, to the admission for probate of the following instrument as the last will and testament of Julia W. Davidson:

"March 25, 1935.

"To the New England Mutual Life Insurance Company:

"I agree to pay the premiums of policies on the life of Mrs. Flora E. Wiggins, made payable to Lonnie J. Wiggins, Jr. and in the event that Mrs. Flora E. Wiggins survives me, I request the executors of my estate to carry out my obligations by paying these premiums.

"(Signed)   Julia W. Davidson
"Witness:   George L. Nettles
"Witness:   Lonnie J. Wiggins, Sr."

Whether or not an instrument is testamentary in character depends upon the intention of the maker, and in the absence of testamentary intent, there can be no will. Furthermore, the animus testandi must exist when the instrument is executed, and the intent must apply to the particular instrument produced as a will. A paper is

not established as a person's will merely by proving that she intended to make a disposition of her property similar to or even identically the same as that contained in the paper. It must satisfactorily appear that she intended the very paper to be her will. 28 R.C.L. page 58, section 3; 68 Corpus Juris 604-5, section 225; Rollison on Wills, page 159, section 92.

When the instrument on its face is imperfect and equivocal, the presumption is against it operating as testamentary, unless it is made clearly to appear that it was executed animo testandi, or being intended by the author to operate as a posthumous disposition of her property. Self, et al. v. Self, et al., 212 Ala. 512, 103 So. 591; Rice's Adm'r v. Rice, 68 Ala. 216; 89 Am.St.Rep. 488, note.

The intention of the maker is the key to all interpretation, and this intention may be ascertained not only by the writing itself, but from the light of the attending facts and circumstances. Hall v. Burkham, 59 Ala. 349; Rice's Adm'r v. Rice, supra.

The instrument here under consideration is an agreement or contract (the validity of which we do not decide) with the insurance company, agreeing to pay premiums, with a request to her executors to continue such payments in the event the assured, Mrs. Flora E. Wiggins, survives her (Mrs. Davidson). The operation of the instrument is present rather than posthumous. Graves v. Wheeler, 180 Ala. 412, 415, 61 So. 341.

The finding of the probate court, based on the examination of witnesses ore tenus, is presumed to be correct, and will not be disturbed by this Court unless palpably erroneous. Section 9600, Code of 1923, Code 1940, Tit. 13, § 309; Loyd v. Oates, 143 Ala. 231, 38 So. 1022, 111 Am.St.Rep. 39; Western Union Tel. Co. v. White, 129 Ala. 188, 30 So. 279; Grant v. Henderson Pierce Motor Co., 21 Ala.App. 285, 107 So. 724; Bryant v. Lane, 17 Ala.App. 28, 81 So. 364; Johnson, et al. v. Barnett, et al., 240 Ala. 413, 199 So. 804.

Affirmed.

GARDNER, C. J., BOULDIN, and FOSTER, JJ., concur.