## MANDEL v. COOPER CORPORATION et al.

District Court, S. D. New York.

Dec. 9, 1941.

See, also, D.C., 41 F.Supp. 574.

Fertig, Walter & Gottesman, of New York City (Alfred A. Walter, of New York City, of counsel), for Martin E. Mandel, etc. (plaintiff).

Pickrel, Schaeffer & Ebeling, of Dayton, Ohio, and Maurice P. Davidson, of New York City, for defendant Dayton Rubber Mfg. Co.

Kenefick, Cooke, Mitchell, Bass & Letchworth and Lyman M. Bass, all of Buffalo, N. Y., for defendant Dunlop Tire & Rubber Corporation.

Luther Day, of Cleveland, Ohio, and Davidson, Moses & Sicher, of New York City, for defendant Firestone Tire & Rubber Co.

Charles Wesley Dunn, of New York City, and Frank C. Leslie, of Akron, Ohio, for defendant B. F. Goodrich Co.

**318**

Howard L. Hyde, of Cleveland, Ohio, and Wright, Gordon, Zachry, Parlin & Cahill, of New York City, for defendant Goodyear Tire & Rubber Co., Inc.

Spence, Windels, Walser, Hotchkiss & Angell, of New York City, for defendant Lee Tire & Rubber Co. of New York, Inc.

Sullivan & Cromwell, of New York City (Arthur H. Dean, of New York City, of counsel), for defendant General Tire & Rubber Co.

Slabaugh, Seiberling, Huber & Guinther, of Akron, Ohio, and Milton Dammann, of New York City, for Mohawk Rubber Co. of New York, Inc.

Jeffery, Escher & Murray, of New York City, for defendant Pennsylvania Rubber Co.

Arthur, Dry & Dole, of New York City (John T. Cahill, of New York City, of counsel), for defendants United States Rubber Products, Inc., and U. S. Tire Dealers Corporation.

COXE, District Judge.

This is a motion by the defendants to dismiss the complaint for insufficiency, or, in the alternative, for summary judgment in their favor.

The action is brought by an informer under the informer statute (31 U.S.C.A. §§ 231–235) to recover forfeitures and double damages for presenting various alleged fraudulent claims to the government for payment. The material portions of the statute are as follows: "Any person * * * who shall make * * * or present * * * for payment or approval * * * any claim upon or against the Government * * * knowing such claim to be false, fictitious or fraudulent, or who, for the purpose of obtaining * * * the payment or approval of such claim, makes * * * any false bill, receipt, voucher, roll, account, claim, certificate * * * knowing the same to contain any fraudulent or fictitious statement or entry, or who enters into any agreement, combination, or conspiracy to defraud the Government * * * by obtaining * * * the payment or allowance of any false or fraudulent claim", shall forfeit and pay to the United States the sum of $2,000, and, in addition, double the amount of damages sustained. 31 U.S.C.A. § 231.

The complaint alleges that the defendants procured the payment of fraudulent claims against the government in violation of the above provisions. The charge is that the defendants conspired to defraud the government by submitting collusive bids, "identical to the penny", to the procurement division of the government with respect to the rubber tire requirements of the government for three purchasing periods of six months each; that the bids for two of these purchasing periods were accepted by the government, and purchases thereunder were made by various government departments; and that as a result of such collusive non-competitive bids, the government was forced to pay substantially higher prices for its tire requirements than it would have paid had the bids been competitive. It is also charged that the defendants used in support of their claims "false vouchers and receipts" containing "fraudulent statements, to wit, that the contract prices involved in the claims were not fixed through collusive bidding". The damage alleged is the difference between the amount of the non-competitive bids and the prices at which the government could have purchased the tires had the bids been competitive.

The action was commenced following the dismissal of a prior action instituted by the government to recover treble damages under Section 7 of the Sherman Anti-trust Act, 15 U.S.C.A. § 15 note, in which the Supreme Court held that the term "person" used in Section 7 did not include the United States, and that consequently the United States could not maintain the action. United States v. Cooper Corp., 312 U.S. 600, 61 S.Ct. 742, 85 L.Ed. 1071. The present complaint is substantially the same as the government's complaint in the anti-trust action, except that general allegations have been added to bring the case within the language of the informer statute.

The complaint makes no charge that the defendants presented false or fictitious claims to the government for payment; it merely alleges that the claims were fraudulent because collusive bids, "identical to the penny", were submitted by the defendants. The claims involved are the ones covering the purchases of the government during the first two purchasing periods; the bids submitted by the defendants for the third purchasing period were rejected by the government, and never ripened into claims at all. With respect to the purchases during the first two purchasing periods, it clearly appears from the affidavits of the defendants that the defendants made no

express representations that the prices bid were not the result of any agreement among bidders. I think, therefore, that the allegation of the complaint that "fraudulent statements" were made that "the contract prices involved in the claims were not fixed through collusive bidding" has been disproved, and may be disregarded.

 Were the claims of the defendants fraudulent within the meaning of the informer statute? "A fraudulent claim against the government is a false or fictitious claim, gotten up or contrived by some person or persons with the intent to present it for approval * * * and thus to defraud the government". United States v. Shapleigh, 8 Cir., 54 F. 126, 128. Clearly, the present claims were neither false nor fictitious. United States v. Shapleigh, supra. The fraud alleged is that the defendants submitted collusive, non-competitive bids to the government for its tire requirements. It is also charged that as a result the government was forced to pay more for its tires than it would have paid had the bids been competitive. The bids now assailed became contracts when they were accepted, and, under the contracts, the defendants sold and delivered to the government quantities of tires, for which the government paid the contract prices.

The plaintiff in effect says that the contracts were induced by fraud. This, if true, would give the government, on discovery of the fraud, a choice of remedies, namely, either (1) to rescind the contracts, restore what had been received, and recover what had been paid, or (2) to enforce the contracts and recover the damages resulting from the fraud. These remedies are antagonistic, and the government could not have them both. People v. Stephens, 71 N.Y. 527, 553; Wilson v. New United States Cattle-Ranch Co., 8 Cir., 73 F. 994; Cheney v. Dickinson, 7 Cir., 172 F. 109, 28 L.R.A.,N.S., 359. Moreover, a suit by the government for damages for fraud in inducing the contracts would sound in tort and not on contract. Chanin v. Chevrolet Motor Co., 7 Cir., 89 F.2d 889, 111 A.L.R. 1235.

The present action sounds in tort. It really is an action for damages for alleged fraudulent representations in the procurement of contracts to supply the tire requirements of the government during the periods in question. It is not an action for damages sustained by the government by reason of the presentation for payment or approval of fraudulent claims within the meaning of the informer statute.

It is significant to note that although the informer statute was originally enacted in 1863 (U.S.Stats. at Large, Vol. 12, p. 698), with the exception of Marcus v. Hess, D.C., W.D.Pa.1941, 41 F.Supp. 197, no case has been found in which either the government or an informer has sought to recover under the statute because of contracts allegedly procured through fraudulent representations. Marcus v. Hess is plainly distinguishable on the facts.

The motion of the defendants for summary judgment in their favor dismissing the complaint is granted.