31 So.2d 302

## HUFFSTUTLER v. CHANDLER TRANSFER & FREIGHT LINE et al.

### 6 Div. 370.

Court of Appeals of Alabama.

June 30, 1947.

J. Terry Huffstutler, pro se.

Jas. B. Smiley, of Birmingham, for appellees.

CARR, Judge.

In the court below J. Terry Huffstutler brought suit against Chandler Transfer & Freight Line and John B. McCullough and John D. McCullough, doing business as Chandler Transfer & Freight Line. For convenience of reference we will herein designate the defendants as the carrier.

The damage claimed arose out of a shipment of brooms, 50 dozen in number.

At his factory in Birmingham, Alabama, the plaintiff delivered the brooms to the carrier for shipment to New Castle, Pennsylvania. The latter did not operate its truck farther north than Chattanooga, Tennessee. It was, therefore, necessary to procure the services of a connecting carrier to complete the delivery. At Chattanooga all efforts failed to get either a freight truck line or a railroad company to take the shipment. The carrier thereupon returned the brooms to the factory of the plaintiff in Birmingham. The latter refused to accept the brooms and they were by the carrier stored in a warehouse, where they remained to the time of the trial.

The cause below was tried by the court without the aid of a jury and resulted in a judgment in favor of the plaintiff. Being dissatisfied with the amount of the damages assessed, the plaintiff brings this appeal.

■ The only question presented for our review is the quantum of the damages. Holloway et al. v. Henderson Lumber Co., 203 Ala. 246, 82 So. 344; Beatty et al. v. McMillan, 226 Ala. 405, 147 So. 180; Sims v. Warren et al., 32 Ala.App. 516, 27 So.2d 801.

As indicated the case was tried by the court without a jury; therefore, under the well established rule, every reasonable presumption must be indulged in favor of the correctness of the finding of the trial judge. Pinckard et al. v. Cassels, 195 Ala. 353, 70 So. 153; Halle v. Brooks, 209 Ala. 486, 96 So. 341; C. M. McMahen & Sons v. Louisville & N. R. Co., 21 Ala.App. 66, 106 So. 56; Wright v. Ezzell, 23 Ala.App. 544, 128 So. 899.

By agreement of counsel, the record is amended to show that after the trial judge had heard all the evidence he then went to the warehouse where the brooms were stored, examined them, and thereafter convened court and rendered a decision.

It is very evident, therefore, that the oral testimony of the witnesses, as disclosed by the record, does not present to this court all of the evidence upon which the court below based his conclusions in determining the amount of damages he assessed. Alabama Coca Cola Bottling Co. v. Ezzell, 22 Ala.App. 210, 114 So. 278; Bellingrath v. Anderson, 203 Ala. 62, 82 So. 22.

The judgment of the primary court is ordered affirmed.

Affirmed.