[No. 1147, February 25, 1907.]

IN THE MATTER OF BERNARD MYER, BANKRUPT.

Appeal of trustee from allowance of claim of Pauline W. Myer. Appeal of Pauline W. Myer, from not having her claim preferred. Appeal of J. Blas Lucero and wife from disallowance of their claim. Appeal of J. Blas Lu-

cero and wife from allowance of claim of Elias Chaves and Amelia Chaves de Armijo.

## SYLLABUS.

1. A finding in bankruptcy that a contract between a wife and her husband for the return of money brought by her into the marriage community at the time of the marriage was a continuing contract, and was not barred by limitations, was not reviewable, where the evidence was not brought up.

2. The term "continuing contract," in a finding by the trial court in proceedings in bankruptcy that a contract between a wife and her husband for the return of money brought by her into the community at the time of the marriage was a continuing contract, was not objectionable for indefiniteness.

3. A wifes' right to a tacit lien or mortgage for the repayment of money brought by her into the marriage community must have arisen from the law of the domicile of the husband and wife at the time of their marriage.

4. A finding in bankruptcy, denying a claim of the wife of the bankrupt for repayment of money brought into the community by her at the time of her marriage, priority over other creditors of the community will not be disturbed on appeal, where the record failed to show that the marriage was solemnized in a state, by the laws of which, at the time of the marriage, she was entitled to such priority.

5. A judgment creditor of a bankrupt held as security for his debt a mortgage given by a third person to the bankrupt. He tried to convert this mortgage into money and apply on his claim against the bankrupt, but was delayed by an appeal by the mortgagor from the foreclosure decree. Held that, under section 63 of the bankrupt law (Act July 1, 1898, c. 541, 30 Stat. 562 [U. S. Comp. St. 1901, p. 3447]), providing that debt may be proved and allowed against a bankrupt's estate where there is a fixed liability as evidenced by a judgment, the judgment creditor was entitled to have his claim allowed since the mortgagor, after appeal from the foreclosure could not assert that the claim was one

Matter of Bernard Myer.

not provable under the bankruptcy act because of the security held.

6. An administrator took a mortgage to secure himself against a doubtful payment of a claim to the persons executing the mortgage. Subsequently, he was sued by a party rightfully entitled to the money paid under such claim to the mortgagors, and judgment was recovered against him. Execution was taken against the administrator and returned unsatisfied. Thereupon the judgment creditors brought suit against the mortgagors to foreclose the same, claiming to be beneficiaries thereunder, and a decree was rendered in their favor. Held, that on the bankruptcy of the administrator a claim by the mortgagors for the money paid them by such administrator, for the payment of which the mortgage was ordered foreclosed, was properly disallowed.

Appeal from the District Court for Bernalillo county, before I. A. ABBOTT, Associate Justice. Affirmed.

E. L. MEDLER, for J. Blas Lucero and wife; SUMMERS BURKHART, for Elias Chaves and wife.

FRANK W. CLANCY, for Appellant, Pauline W. Myer.

Determination of priority of claim of wife for her dotal and paraphernal property in bankruptcy of her husband, must depend upon the rules of the Spanish civil law as far as they remain unchanged by positive and direct legislation since the acquisition of this country by the United States. Chaves v. McKnight, 1 N. M. 153; Barnett v. Barnett, 9 N. M. 213; Ilfeld v. Baca, 79 Pac. 725.

The Spanish system of administering estates of bankrupts was quite similar to that which prevails in the United States. 1 Escriche 784, (Ed. of 1847).

Preference rights of dotal property. 1 Escriche 660, 661; 2 Escriche 806; 2 Escriche 83, sub-div. X, and cases cited; Chaves v. McKnight, 1 N. M. 154.

Definition of dotal property. 1 Escriche 653.

Wife's claim is superior to that of the ante-nuptial creditor. 2 Escriche 849; 1 Escriche, 443; Laird v. Upton, 8 N. M. 414, 415; Murrill v. Neill, 8 How. 426; Chaves v. McKnight, 1 N. M. 154.

Until the bankruptcy occurred, the wife has had no

subsisting cause of action against her husband. No question of the statute of limitations can therefore arise. 1 Escriche 657, 658; Wiley v. Renner, 8 N. M. 646.

W. B. CHILDERS, for Trustee and Appellant.

A "tacit" mortgage can not be held good when the right of creditors intervened. Childers v. Talbott, 4 N. M. 336; Schmidt Civil Laws of Spain and Mexico, Art. 865, p. 181; Art. 1425, p. 302; also pp. 14 and 15.

Section 2916, Compiled Laws of 1897, bars all actions on any unwritten contract within four years; Section 2915 upon written contracts within six years; Section 2922, extends limit one year after termination of disability in favor of minors, persons insane or under legal disability.

Section 5 of Chapter 62, Acts of 1901, provides that "all married persons shall possess the same property rights —the same power to sue and be sued" as unmarried persons.

A debt barred by the statute of the state in which the bankrupt resides cannot be proved. In re Graves, 9 Federal 816; in re Resler, 95 Federal 805; in re Doty, Fed. cases No. 4,017; in re Lipman, 94 Federal 353; in re Wooten, 118 Federal 670; in re Kingsley, Fed. cases No. 7819, 1 Low. 216; Levy v. Stewart, 11 Wall. 249; Wood v. Carpenter, 101 U. S. 139; Ross. v. Duval, 13 Peters 61. In re Talbott, 110 Fed. 924; in re Nickerson, 116 Fed. 1003; In re Novak, 101 Fed. 800; Fleitas v. Richardson, 147 U. S. 550; Hargadine-McKittrick Dry Goods Co. v. Hudson, 122 Fed. 232.

The removal of a married woman's disability to sue was to take married women out of the exception of the statute of limitations. Note to Moore v. Armstrong, 36 Am. Dec. 70, 71, citing earlier cases; Ball v. Bullard, 52 Barb. 141, 146; Fleitas v. Richardson, 147 U. S. 550; Castner v. Walrod, 83 Ill. 171, 25 Am. Rep. 369; Bromwell v. Schubert, 139 Ill. 424, 28 N. E. 1057; King v. Merrit, 34 N. W. 700, 67 Mich. 194; Douglass v. Douglass, 40 N. W. 177, 72 Mich. 86; Rosa v. Prattner, 103 Ind. 191, 2 N. E 575: Royse v. Turnbaugh, 117 Ind. 539, 20 N. E. 485; Yocum v. Allen, 58 Ohio St. 280, 50 N. E. 908; Murphy v. Evans

Steam Laundry Co., 52 Neb. 593, 72 N. W. 960; Cameron v. Smith, 50 Cal. 303; Wilson v. Wilson, 36 Cal. 447; Brown v. Cousins, 5 Me. 301.

A claim may be provable although not allowable.

Bankrupt's estate liable to community creditors primarily before wife can claim for seperate estate, unless she can trace avails of her separate estate into the community property and identify it. Brown v. Lockhart, 71 Pac. 1087.

Trustee represents both the bankrupt and the creditors. Bump on Bankruptcy, p. 496; Brandenburg on Bankruptcy 446; Glenny v. Langdon, 98 U S 20.

Unless the contract calls for a demand, none is necessary to start statute of limitations to running. 9 Am. and Eng. Ency. of Law 199; 19 idem. 207; Dorland v. Dorland, 66 Cal. 189, 5 Pac. 77; Newhall v. Sherman, 124 Cal. 509, 57 Pac. 387; Hall v. Letts, 21 Iowa 596; Angell on Lim., Sec. 95, and cases cited; Wood on Lim., Sec. 118, p. 225, Sec. 125, p. 293.

Statute of limitations is enforced as against trusts. Kane v. Bloodgood, 7 Johns, Ch. 90; 11 Am. Dec. 417 and note; Percy v. Cockrill, 53 Fed. 872.

Doctrine of laches applies to married women. Lindell Real Estate Co. v. Lindell, 43. S. W. 373.

### OPINION OF THE COURT.

MILLS, C. J.—On January 1st, 1904 Bernard Myer of Albuquerque, filed a voluntary petition in bankruptcy in the District Court of the second judicial district of this Territory, and on the same day was adjudged a bankrupt. The case was referred in the usual course to the referee in bankruptcy, and was heard by him.

Pauline W. Myer, is the wife of the bankrupt, and her claim against his estate is based on the ground, that at the time of and shortly after her marriage to the bankrupt, she brought into the marriage community the sum of $1,970—her separate property, which she had received by gift of inheritance. The referee allowed the claims of Pauline W. Myer for the sum of $1,970.00—and recommended that all the community debts of the bankrupt be

paid out of the funds in the hands of the trustee, before the payment of the claim of Pauline W. Myer, and one F. H. Jung. The court approved the action of the referee in allowing the claim of the said Pauline W. Myer but disapproved the action of the referee in recommending that other claims be preferred to it, and ordered that hers and all other approved claims are entitled to a pro-rata share of the bankrupt estate.

From the action of the court in confirming this claim the trustee appealed, and Pauline W. Myer also appealed, because her claim was not preferred in order of payment to the other creditors of the bankrupt.

The contention of the trustee is that the claim is barred by the statute of limitations, the $1,970.00 having been paid to her husband Bernard Myer, at the time of her marriage to him in 1872, and a few years later.

We do not consider this point to be well taken. The court below found, that "the contract between the claimant Pauline W. Myer and her husband Bernard Myer, for returning the money so advanced by her was a continuing contract and hence was not barred by the statute of limitations." The evidence in the cause not being brought up, we cannot say that this holding of the court below, as to the arrangement between Pauline W. Myer and her husband was erroneous, either as a matter of fact or law, as we have nothing before us on which to base such a holding. The term "continuing contract", employed in the findings and which is criticized in appellants brief for indefiniteness, has in our judgment very high judicial sanction not only for its use but for the conclusion of law based upon it. Payne v. Gardiner, 29 N. Y. 172, citing Merritt v. Todd, 23 N. Y. 28; 1 Parsons on Contracts, 260.

The contention of counsel for Pauline W. Myer, on her appeal, is that the money brought by her into the marriage community is a preferred claim, and by her petition as amended on April 10th, 1905, she claims a tacit lien or mortgage upon the property of her husband, (the bankrupt), for the money brought by her into the marriage community and asks that she be paid the sum of $1,970.00,

before any distribution of the assets of the bankrupt be made among his other creditors.

The petition of Pauline W. Myer, shows that she was married to the bankrupt in May, 1872, but the record fails to show where such marriage was solemnized, and if she has a tacit lien or mortgage as claimed by her attorney for the repayment of the property brought by her into the marriage community, it must have arisen from the law of their domicile at the date of their marriage, and as above stated the record before us is silent on this point.

In order to bring this case within the rule of Chaves v. McKnight, 1 N. M. 147, or in other words to justify our applying the law of New Mexico, in 1872, the to acts of the parties at that date, it must be shown that they were then subject to its laws.  The tacit lien, if any, accrued, at the moment the money was delivered to the husband and the wife's rights became fixed at that time.   But if at that time they resided in another jurisdiction, the law of that jurisdiction and not of this applied.   The mere fact that in 1903 the parties were living here could not relate back so as to give them a lien in 1872.

This precise question arose in a number of early cases in Louisiana, where parties had married in another state or nation and the husband had there received dotal or para-phernal property from the wife or her relatives, and on subsequently coming to Louisiana to live, the wife sought to take advantage of the tacit lien or mortgage system in force in that civil law jurisdiction.   In that state it has been uniformly held that the tacit lien existed only in favor of those who at the time of the receipt of the property by the husband had their domicile in Louisiana.   Thus in the case of Valansarts Succession, 12 La. Am. 848, the payments to the husband were made in France where the parties then resided, and on coming to Louisiana to live the wife sought to assert her tacit lien or mortgage against the creditors of her husband, but the court said: "The law of France can confer no mortgage or privilege upon property situate in Louisiana.   The fact that the appellee has a mortgage for restitution on the property of her husband there, in no wise betters her condition here.   To our

own law alone must she look for a mortgage claim upon property here; and if our code, by its provisions, gives her such a mortgage as she claims, then it must give a similar retroactive relief to all wives who may immigrate to Louisiana, with dotal or paraphernal claims, against their husbands originating abroad, whether the laws of the domicile where the debts were contracted secured them by a mortgage upon the property of the husband or not. We cannot give such a sweeping extension to the doctrine of latent mortgages to the detriment of our own citizens." To the same effect is Stewart v. Creditors, 12 La. Am. 89, and Prats v. Creditors, 2 Rob. 508, where the husband received the property while residing in Mexico and subsequently moved to Louisiana, and in Arnold v. McBride, 6 La. Am. 703, where the property was received by parties then residing in Mississippi, and who subsequenly moved to Louisiana; and this we believe to be the holding of the great preponderance of civil law authorities.

Not being enlightened by the record, which is silent on the subject as to what was the domicile of the parties in 1872 to 1876, we are not called upon to declare what rights, if any, the payments to the husband conferred upon his wife, Pauline W. Myer, under the laws of that domicile; but there being nothing to show that New Mexico was the matrimonial domicile when the marriage occurred or these dotal payments were made to the husband we are clear that the appellant cannot invoke the law of this Territory of that date in support of her claim to a tacit lien or mortgage now.

We are invited by the briefs of counsel to review and to overrule the case of Chaves v. McKnight, 1. N. M. 147. Whether as argued legislation since that time, introducing the common law and our record system had modified the principles there declared, we reserve for some future case where these questions become material. We do not consider them in the present case, which as we have heretofore pointed out involves no departure from Chaves v. McKnight.

In our opinion the trial court held correctly that this

claimant is only entitled to a pro-rata share of the bankrupt's estate.

One of the alleged assignments of error is that the trial court committed error in failing to hold that the claim of the appellant, Pauline W. Myer, is entitled to a priority over the claim of Frederick H. Jung, he having a claim against Bernard Myer, which accrued prior to his marriage.

As Jung took an appeal to the United States Circuit Court of Appeals for the Eighth Circuit and as that tribunal has already heard the appeal and handed down an opinion, it will not be necessary for us to consider it in arriving at a decision of this case.

The court confirmed the action of the referee in allowing the claim of Elias Chaves and wife against the bankrupt estate. This claim is based on the following facts.

Elias Chaves and wife on November 17th, 1902, recovered a judgment against Bernard Myer, individually, and as administrator of the estate of Rafael Armijo for $2,207.-58 and $4.300 costs. That thereafter, Elias Chaves and wife brought suit against J. Blas Lucero and wife, to foreclose a certain mortgage, claiming that they were beneficiaries under said mortgage for the amount of the said judgment secured against said Myer. That the District Court ordered the foreclosure of said mortgage and directed a sale of the mortgaged property, and that J. Blas Lucero appealed from the decree to the Supreme Court of this Territory, where the cause is now pending. That the claim of Elias Chaves and wife against the bankrupt estate was for any deficiency between the amount of the judgment obtained against Bernard Myer on November 17, 1902. and the amount which may be received from the sale of the mortgage property.

From the decree of the court allowing the claim of Elias Chaves and wife, J. Blas Lucero and wife took an appeal to the Supreme Court of New Mexico.

This appeal is not well taken, for by Sec. 63 of the bankrupt act, a debt may be proved and allowed against the bankrupt estate, where there is a fixed liability, as evidenced by a judgment. In this case there is a fixed

liability as on Nov. 17th, 1902, Chaves and wife recovered judgment against Myer for $2,207.51 and costs. It is true that they hold some security for their debt, to-wit: the mortgage given by Lucero and wife to Myer, and they have tried to convert the same into money and apply the same to the reduction of their claim against the bankrupt, and have been delayed by the appeal taken by the Luceros to the Supreme Court. If there is a deficiency between the amount for which the mortgaged property sells, and the amount of the claim of Chaves and wife against the bankrupt estate, some one is liable for it. The appeal from the judgment of foreclosure was taken by J. Blas Lucero and wife, and it now comes with poor grace for them to says that this claim is not provable under the bankrupt act. We think that this claim was properly allowed by the court.

As to the appeal of J. Blas Lucero and wife against the disallowance of their claim against the bankrupt estate by the referee in bankruptcy, and by the court below, the facts, as found by the trial court (there being no evidence in the record by which we can determine whether or not such findings are correct), are as follows, to-wit:

J. Blas Lucero, and wife executed a mortgage to Ben Myer, upon certain real estate mentioned in said mortgage, which mortgage recites that "whereas the said parties of the first part have received of the said party of the second part (the bankrupt), two thousand and eight (2008.00) dollars, said sum having been paid to the said party in his capacity as administrator de bonis non of the estate of Rafael and Manuel Armijo, deceased, to which said estate said sum of two thousand and eight ($2,008.-00) dollars is belonging.

Now, Therefore, if within the time of limitation under the laws of the Territory of New Mexico, regarding the administration of estates, and the liability of administrators, no claim or demand shall be made against B. Myer, as administrator of said estate, nor any proceedings be entered against him, then this indenture shall be null and void and of no effect, otherwise to remain in full force."

And doth further find, That Elias Chaves and wife

recovered a judgment on September 17, 1902, against the defendant B. Myer individually and as administrator of the estate of Rafael Armijo, for $2,207.58, and that execution was issued on said judgment and return unsatisfied; and that said Chaves and wife thereafter brought suit against the said J. Blas Lucero and wife and Ben Myer, to foreclose the said mortgage upon the said real estate, claiming to be the beneficiaries thereunder, and that said money so paid to said J. Blas Lucero was a trust fund. That thereafter the District Court of Bernalillo County, in which said cause was pending, rendered a decree, foreclosing the said mortgage, and authorizing the sale of the same, and that thereafter the said J. Blas Lucero and wife appealed from the said decree to the Supreme Court of the Territory of New Mexico, where said cause is now pending.

And doth further find that on account of the said appeal, the said J. Blas Lucero and wife claim, if the said decree be affirmed, to be entitled to recover the amount of said foreclosure, $2,207.58 and interest thereon, from the said bankrupt's estate, and filed said claim for the said and asked that it be allowed conditionally and that said estate be not distributed until the final determination of the said suit on appeal in the Supreme Court, and that if determined against said claimants, that then their said claim be approved and they be allowed to participate in the distribution of said estate on an equality with the other creditors."

From the decree of the court in disallowing the claim of J. Blas Lucero and wife, an appeal was taken to this court.

It appears from the above finding of facts that J. Blas Lucero received from Ben Myer, $2008.00, which Myer had collected as administrator de bonis non of the estate of Rafael and Manuel Armijo, and as there must have been some doubt as to his right to receive the money he gave a mortgage to Myer to secure him. Afterwards, Myer was sued by the Chavez's, the rightful owners of the money. which Myer had paid to Lucero, and judgment was recovered against him, individually and as administrator. Execution was taken out against Myer but the same was returned un-

satisfied. Chaves and wife then brought suit against J. Blas Lucero and wife and Ben Myer to foreclose the mortgage upon the real estate, claiming to be beneficiaries thereunder. The District Court of Bernalillo County sustained the contention of Chaves and wife and ordered the property foreclosed, and from this decree Lucero and wife appealed to the Supreme Court.

It is evident that if Lucero was entitled to the money which Myer paid him, Chaves and wife, would not have secured a judgment for the same from Myer, nor would the District Court of Bernalillo County have entered a judgment against Lucero and wife for the foreclosure of the mortgage given by them to Myer to secure him for the amount he had wrongfully paid over to Lucero.

Lucero has no claim against the bankrupt Myer for the money which Myer paid him. He can, if he sees fit, pay off the claim of Chaves and wife with the money which he received from Myer, and we feel sure that if this was done by him that in a proper proceeding a court would order the mortgage which he and his wife gave Myer to be canceled, so that the property would again stand in the name of the Luceros, free from incumbrance on account of this mortgage. To allow Lucero and wife to recover a dividend from the bankrupt estate on this claim, would be permitting them to recover a dividend on money which they owed, and not on money which was owed to them, which would be an unheard of proceeding. Neither the referee in bankruptcy, nor the trial court committed any error in rejecting the claim of J. Blas Lucero and wife against the bankrupt estate.