Loftus et al. v. Johnson, 23 N. M., 546

(No. 1824, December 26, 1917.)

LOFTUS et al. v. JOHNSON.

SYLLABUS BY THE COURT.

1. Where a contract, under which rights are asserted, is not a part of the record proper, and the proceedings occurring upon the trial have been stricken from the transcript, because of defects in the certificate, and no question is sought to be reviewed, save the proper interpretation of such contract, there is nothing before the court for review.

P. 548

2. Papers regularly filed in a cause with the clerk of the district court include only such papers which by statute, or rule, or order of court, are required or directed to be filed in a cause.   P. 548

Appeal from District Court, San Juan County; E. C. Abbott, Judge.

Action by J. Allen Johnson against the Town of Farmington, T. L. Loftus, and others. Judgment in favor of the Town of Farmington, and for plaintiff against the other defendants, and they bring error. Affirmed.

Frank A. Burdick, of Farmington, for plaintiffs in error. E. P. Davies, of Santa Fe, for defendant in error.

### OPINION OF THE COURT.

ROBERTS, J. In this case plaintiff in error attempted to make the proceedings occurring upon the trial a part of the record, under and pursuant to the provisions of section 4493, Code 1915. Upon motion, what purported to be the transcribed notes of the stenographer, certified to by the trial judge, were stricken from the transcript for reasons fully stated in the opinion. Loftus v. Johnson, 22 N. M. 302, 161 Pac. 1115. The case is now for decision on the merits, upon a point which plaintiff in error asserts can be decided on the record proper, notwithstanding the absence of the proceedings occurring upon the trial.

The action was for the recovery of damages for injuries alleged to have been sustained by defendant in error, through the negligence of plaintiff in error and the town of Farmington in constructing a ditch, in which water mains were to be laid for the purpose of supplying the inhabitants of said town with water. The alleged negligence arose through the digging of such trench underneath an irrigating ditch, by which the waters from such ditch broke through into the works of plaintiff in error and flooded the property of defendant in error. The court found for the town of Farmington, and dismissed the complaint as to it, but awarded judgment for defendant in error against plaintiff's in error for $3,345. The judgment was

based upon a finding that the plaintiffs in error were independent contractors "under the terms of the contract." If they were, concededly the judgment was propr, in so far as it is here subject to review. In the former opinion, heretofore referred to, we were of the opinion that this point might be reviewed here, on the record proper, and it is raised by the only assignment of error not directed to proceedings occurring upon the trial.

[1-2]    Defendant in error, however, has raised the point that the contract in question is not a part of the record proper, not having been set forth in, or attached to, any of the pleadings in the case; that it was introduced as an exhibit, upon the trial of the case; hence it necessarily went out of the case with all other proceedings occurring upon the trial. Plaintiff in error, however, insists that the contract is a part of the record proper, because immediately preceding it the clerk inserted the following:

"At such trial the following contract in writing was introduced by the defendants and the same became a part of the record herein."

Clearly, however, the clerk of the district court, by certificate or recital, cannot make that a part of the record proper which is not such by virtue of the statute. Section 4491, Codee 1915, provides what shall constitute the record proper, as follows:

"All entries, orders and rulings of record in the clerks' office, and all papers regularly filed in a cause with the clerk of the district court shall be considered a part of the record proper."

Sections 4493, 4494, and 4495, Code 1915, provide the procedure for preserving all other matters for review. In the case of Territory v. McGrath, 16 N. M. 203, 114 Pac. 364, the territorial Supreme Court held:

" 'All papers regularly filed in a cause with the clerk of the district court' include only such papers which by statute, or rule, or order of court are required or directed to be filed in a cause."

.There was no order of court, shown in this record which directed the filing of the contract in question with the clerk, and certainly no statute or rule of court requires the filing of an exhibit, introduced in evidence upon the trial of a cause, with the clerk of the court. For this reason, even if the clerk should certify that he did file it, which he does not do in this case, it would not thereby become a part of the record proper.

Without the contract before us, it would be impossible to determine whether plaintiffs in error were independent contractors.; hence we can only affirm the judgment of the trial court, and it is so ordered.

HANNA, C. J., concurs. PARKER, J., being absent, did not participate.