[Nos. 3155 and 3156. No. 9, 1927.]

## CHEVALLIER v. CONNORS.

## SAME v. YOUNG.

[262 Pac. 173.]

Edmund R. French, of Gallup, for appellants.

H. W. Yersin, of Gallup, for appellee.

### OPINION OF THE COURT

WATSON, J. The two cases above entitled involve the question of the liability of a husband for professional services rendered to the wife by a physician. They were first tried in justice court, and, having been appealed, were submitted to the district court on identical statements of fact, that in the Young case being as follows:

"(1) That the plaintiff is regularly licensed to practice medicine in the state of New Mexico.

"(2) That the defendant, J. H. Young, is the husband of Mrs. J. H. Young, hereinafter referred to. And that they are now, and at all times hereinafter mentioned were, living together as husband and wife.

"(3) That heretofore and on the 29th day of January, 1925, the wife of the defendant, Mrs. J. H. Young, employed the plaintiff to perform certain professional services for her.

"(4) That at the time of this employment the health of the said Mrs. J. H. Young, the wife of the defendant herein, was such that the services of a physician were necessary.

"(5) That the said Mrs. J. H. Young agreed to pay to the plaintiff herein, in full settlement of said professional services, the sum of twenty-five ($25.00) dollars, and that this agreement was reduced to writing and is in words and figures as follows to wit:

" 'For Margaret Young                                    January 29,

" 'I will pay Dr. Chevallier as follows: $25.00, for professional services rendered:

February 15 ----------------------------------------------------------------------------------- $ 5 00
March 15 --------------------------------------------------------------------------------------- 10 00
April 15 ----------------------------------------------------------------------------------------- 10 00

" 'Mrs. J. H. Young.'

"(6) That the agreed professional services were rendered by the plaintiff.

"(7) That the said Mrs. J. H. Young, wife of the defendant herein, paid to the plaintiff the sum of five ($5.00) dollars, to apply upon the amount agreed upon for said services.

"(8) That the defendant, J. H. Young, and his wife, Mrs. J. H. Young, have refused and still refuse to pay the balance due on said account or any part thereof.

"(9) That it is agreed that it is the sole duty of the trial court hereunder to declare the law upon the admitted facts and no inferences are to be drawn from said facts, except such as are direct, natural and necessary ones."

Upon this statement of facts judgments were rendered against the defendants, and they have, respectively, appealed.

The controlling statute is Code 1915, § 2746, which reads as follows:

"If the husband neglect to make adequate provision for the support of his wife, except in the cases mentioned in the next section [where the wife has abandoned the husband or is living separate from him by agreement] any other person may, in good faith, supply her with articles necessary for her support, and recover the reasonable value thereof from the husband."

It is not questioned that if the husband has neglected to furnish the wife needed medical service, the latter has the right to engage it, and a physician has a right to furnish it upon the husband's credit. But, as appears from the stipulated facts, this is not appellee's case. It neither

appears that there was any neglect on the part of the husband, nor that either the wife in engaging, or the physician in furnishing, the services intended—the one to bind, or the other to look to the husband's credit. Therefore, appellants contend, the facts do not support the judgment.

It is not contended that the statute changed the common-law rule that, in the absence of express or implied authority to make the purchase or engage the service, the wife can bind the husband for necessaries only. Both counsel go to the common law for authority. Appellee relies on the stipulated facts as settling the question of necessity.

As suggested in Wanamaker v. Weaver, 176 N. Y. 75, 68 N. E. 135, 65 L. R. A. 529, 98 Am. St. Rep. 621, which both counsel cite, there are two implications in the word "necessity." The thing must be not only necessary in its nature, but necessary in the sense that a sufficient supply of it is lacking. For instance, while shoes are a necessity, a particular purchase of shoes is necessary or not, depending upon the supply already possessed. According to the approved instruction in that case, if the thing purchased is in its nature necessary, the husband is presumptively liable therefor; but if he has not expressly or impliedly authorized the wife to purchase it, the presumption may be rebutted by showing that the thing was not necessary because not lacking. Consulting the statement of facts, standing here as proof, we find it carefully limited, with respect to necessity, to the nature of the thing, and silent as to any lack of it. Appellee relies upon the presumption to supply the lack of proof.

Appellee contends that the husband, being primarily liable for necessaries furnished to the wife, is not relieved by her promise that she will herself pay for them. Edminston v. Smith, 13 Idaho, 645, 92 P. 842, 14 L. R. A. (N. S.) 871, 121 Am. St. Rep. 294, is cited. This is a minority doctrine, the general rule being to the contrary. 30 C. J. p. 600. We think the general rule is the better. At common law the wife's personal property passed, at marriage, to the husband, as well as the rents, issues, and profits of her real estate; leaving her without

ability to pay for necessaries. Moreover, she could not bind herself or her estate by contract. The husband's liability followed as a matter of necessity. These conditions have changed. She may now bind herself, and her estate, for anything she desires to acquire. It is still the public policy of this state that a husband must support his wife according to his means, station in life, and ability, and that, if he does not, others may do so and recover from him therefor. But the right to recover depends upon the right of the wife to exercise, and the right of the third party to rely upon, a sort of agency which the law establishes without regard to the wishes of the principal, the husband. If the wife does not assume to exercise, nor the third party to rely upon, this right, whence arises the husband's liability?

The text above cited (30 C. J. p. 600) also lays it down that:

"The fact the goods are charged to the wife on the books of the seller is not conclusive that credit was given to her exclusively, nor does it alone operate to relieve the husband from liability."

This principle we may admit, without deciding.

It may be that if the services had been furnished upon the husband's credit, a presumption of liability would have supplied the lack of proof of a failure of the husband to make adequate provision. It may be also that if the only weakness in the case were that appellee had seemed, by the formal contract, to look to the wife's credit, the fact would not have been conclusive against the liability of the husband. However the two questions might be decided if arising separately; when they arise in the same case, it seems to us that they have a bearing upon each other and must be considered together. Where all the evidence shows an extension of credit to the wife, how can the husband be held liable, in the absence of a showing either of neglect on his part to provide the thing, thus rendering it a necessity, or of an original intention to look to him for payment? The credit may have been extended to the wife for the reason that she and appellee knew that the thing contracted for was unnecessary. It may have been extended to the wife because of her greater financial re-

sponsibility. If either inference could be drawn, it would no doubt be fatal to appellee's recovery. No necessary inference appears to support the husband's liability. It seems, therefore, that the facts stipulated do not warrant the judgment.

Both the judgments must be reversed and the causes remanded, with direction to enter judgments for the appellants.

It is so ordered.

PARKER, C. J., and BICKLEY, J., concur.