100 P.2d 906

**NICHOLAS v. BICKFORD et al.**

No. 4481.

Supreme Court of New Mexico.

March 13, 1940.

Robert Hoath LaFollette, of Albuquerque, for appellants.

W. Moore Clayton, of Albuquerque, for appellee.

BICKLEY, Chief Justice.

This appeal is from a judgment in the District court, which was upon appeal from a like judgment in the Justice of the Peace court, in favor of appellee, hereinafter called plaintiff, against one Charles Bickford, one of the defendants below and hereinafter to be denominated defendant, the other two defendants below being merely bondsmen, in the sum of $174.95.

The principal question here presented is whether under the circumstances to be hereinafter more fully set out, defendant should be liable upon an account, admittedly for drugs, medical expense, board, room and nursing care for defendant's wife, while the two were still man and wife, but living apart. There is no question but that the items furnished and charged for were necessaries, and were required by the wife, and that the charges made were reasonable. The controversy arises because defendant alleges abandonment by

the wife, and charges that she could not, therefore, bind him to pay any accounts incurred by her during this period of abandonment, even for necessaries of life.

None of the evidence upon which the trial court based its findings, conclusions and judgment was brought up with the record. Defendant then must rely solely upon his contention that the judgment is not supported by the court's findings and conclusions of law.

The court found in substance, that while defendant and his wife were still living together as husband and wife in the city of Albuquerque, somewhat in a state of unhappiness, and while the wife was sick in bed suffering from a serious illness, plaintiff and her husband, upon call from defendant himself that plaintiff should come over and see what she could do for his said wife, found her in a cold house, without the essential comforts and without any one to look after her; that she was forthwith bundled up and taken by the said parents to the home of plaintiff where she was kept for some three months, and where she was afforded food, lodging, and the simple and ordinary comforts, and where she was nursed by the plaintiff; that the wife requested her mother (plaintiff) to furnish all this, as well as the other few items for which the charge has been made, promising that she and defendant would pay her therefor; the defendant, though not suggesting it, made no objection to this arrangement, but from his conduct, apparently expected plaintiff to assume the care and responsibility of nursing his wife back to health; that the wife, while at her mother's home, remained in bed for a total of sixty days under direction of her doctor; that the wife did not acknowledge an abandonment of her husband, but on the other hand, told him that she would be glad to return to his home if he would secure someone as nurse to take care of her, yet a bed patient. This the husband did not do, and the wife remained in the home of her mother, and under her care, and with no other support offered; that he, defendant, instituted suit for divorce in the meantime, and at or near the end of the three months period divorce was denied him but was granted the wife on her cross complaint.

Just prior to the time of filing suit for divorce an agreement was entered into by and between the defendant in the present action and his wife, settling their property rights, which, among other things, provided that "plaintiff shall pay all community debts existing at this date, if any". It does not appear from the record that either party knew the amount of plaintiff's claim, or whether she intended in fact, to urge a claim at all. Her claim was probably urged only after the divorce was granted.

Section 68-103, N.M.Comp.St.1929, provides: "If the husband neglect to make adequate provision for the support of his wife, except in the cases mentioned in the next section, any other person may, in good faith, supply her with articles nec-

essary for her support, and recover the reasonable value thereof from the husband."

Section 68-104, N.M.Comp.St.1929, provides: "A husband abandoned by his wife is not liable for her support until she offers to return, unless she was justified, by his misconduct, in abandoning him; * * *."

■ There are circumstances involving mistreatment and neglect under which the wife may not be required to return to her husband, and neither her leaving or remaining away would be classified as an abandonment. Tenorio v. Tenorio, 44 N. M., 89, 98 P.2d 838; Bryant v. Lane, 17 Ala.App. 28, 81 So. 364.

■ In the absence of a bill of exceptions bringing up the evidence, we are bound, of course, by the court's findings that the wife had not abandoned the husband; that the items and services supplied to defendant's sick wife by her mother were necessary for her support and that the amount charged therefor was reasonable.

Defendant argues that the duty of the husband to support the wife rests upon him only when she is living with him in any reasonable place of abode, which he has a right to select, as he may also choose any reasonable mode of living to which the tastes of the wife must conform (Sec. 68-102, N.M.Comp.St.1929), but he overlooks the equally important fact that there are circumstances involving mistreatment or neglect under which the wife may not be required to live with or return to her husband.

■ It must appear, of course, that the husband himself had failed to provide these necessaries, which would include medical services (Chevallier v. Conners, 33 N.M. 93, 262 P. 173), but this fact appears or at least is obviously inferable, from the findings of the court. Defendant is clearly foreclosed as to this point by the court's finding.

■ There is likewise no merit to the assignment challenging the right of plaintiff to bring the suit. Defendant relies upon the statute (68-403, N.M.Comp.St. 1929), which gives the management and control of the community property into the hands of the husband during coverture and urges that this obligation must have been a community debt, and thus the husband of plaintiff would have been the proper party to have brought the action. There is nothing in the findings to show that plaintiff's husband had anything to do with the matter excepting that he did, when the daughter first was brought to the home, at least, live with plaintiff in a house which the findings designate as her *own* house, and that he went with plaintiff when she was called by defendant, to find their daughter ill in bed in a cold house without the necessities and comforts and the two together took the sick daughter to the place where plaintiff and her husband were then living.

The findings further support plaintiff's claim that it was she who advanced the

money for drugs and medical care, and that it was she who furnished the board and room and nursed plaintiff's wife during the time in question, in her own home. We may rely then, not only upon the rule that every reasonable inference will be indulged in support of a judgment of the trial court (Sloan v. Territory, 6 N.M. 80, 27 P. 416; In re Myer, 14 N.M. 45, 89 P. 246; Loftus v. Johnson, 22 N.M. 302, 161 P. 1115; Loftus v. Johnson, 23 N.M. 546, 170 P. 49; Abeytia v. Gibbons Garage of Magdalena, 26 N.M.. 622, 195 P. 515), but here the findings of the court themselves affirmatively support plaintiff's theory that she, and not her husband, is the creditor in this case.

Defendant's requested finding of fact that the father of the wife of defendant did not join in the action was adopted by the court: We may surmise that defendant had it in mind to make something of this, but an examination of defendant's requested conclusions of law and the remainder of the record does not disclose that he challenged in the trial court plaintiff's right to sue. We could only speculate as to what circumstances were present which resulted in the plaintiff bringing the action. The record discloses nothing that would defeat such right.

Defendant acknowledges the handicap under which he labors as he challenges the judgment upon this ground, for the reason that the record before us is silent upon the matter of his ever having raised the question of an improper party plaintiff excepting as it may have been raised by his requested finding number three. We do not find that such requested finding was sufficient to raise such issue, in any event, particularly when this issue was not, so far as the record shows, in any manner otherwise attempted to be urged by pleading or upon trial.

When we determine that the judgment is supported by the findings of fact and conclusions, as we do, we inquire no further.

Finding no error, the judgment is affirmed, and

It is so ordered.

BRICE, ZINN, SADLER, and MABRY, JJ., concur.