330 P.2d 546

Alfredo ARMIJO and Miramon Anaya, Plaintiffs-Appellants,

v.

C. G. SHAMBAUGH, Olive L. Shambaugh, Charles E. Gaddis, Virginia Gaddis, Rosendo Garcia, Fermin Garcia, Erlinda Baca de Garcia, Town of Atrisco, Defendants-Appellees.

No. 6310.

Supreme Court of New Mexico.

June 9, 1958.

Rehearing Denied Oct. 28, 1958.

Coker, Boyd, May & Coan, Albuquerque, for appellants.

John Brunacini, Albuquerque, for appellee Town of Atrisco.

Gino J. Matteucci, Albuquerque, for remaining appellees.

E. T. HENSLEY, Jr., District Judge.

Cause No. 46,255 in the district court of Bernalillo County was an action by Rosendo Garcia against the Town of Atrisco to quiet title to certain lands. The present action filed in the same court some 5½ years later, seeks to set aside that decree upon the ground of fraud in procuring the judgment.

The trial court, pursuant to motion, dismissed the complaint with prejudice on the ground that the decree in Cause No. 46,255 made the issues in the present case res judicata. Thereafter, a supplemental order was issued by the trial court. The supplemental order disclosed that the testimony was heard by the court and that the issue of fraud was also resolved against the pleader. The plaintiffs have appealed and submit one point to this court for determination, that is, the alleged error of the trial court in dismissing the complaint upon the ground of res judicata in the face of an allegation of extrinsic fraud. In so doing, the appellants do not ignore the supplemental order entered by the trial court, but say that the court had no authority to enter such an order months after the first order was entered and an appeal granted therefrom.

To evaluate the position of the parties a brief statement is necessary. The appellants say that their complaint in this cause seeks relief from the decree in the Cause No. 46,255 because the decree was procured by means of a fraud upon the court. The specific fraud alleged is that the plaintiff in Cause No. 46,255 was an officer of the defendant Town of Atrisco, and that he sought to quiet title in himself to lands claimed by the Town of Atrisco. The appellees, by motion, raised the issue of res judicata, and also affirmatively by motion met the issue of fraud by alleging

that the Town of Atrisco had on February 10, 1950 authorized a compromise with Fermin Garcia on the property described in the complaint. This was the state of the pleadings at the time the trial court entered its order dismissing the complaint with prejudice in that the issues were res judicata. The order was silent as to the issue of fraud. It was at this point that plaintiffs obtained an order granting appeal. Almost 5 months later, the trial court entered its supplemental order reciting that testimony had been submitted at the original hearing. The record before this court discloses no testimony and in the absence of a bill of exceptions bringing up the evidence this court is bound by the trial court's finding. Nicholas v. Bickford, 44 N.M. 210, 100 P.2d 906.

The supplemental order further recited that Fermin Garcia was an heir of the Atrisco Grant and was not an officer nor on the Board of Trustees of the Atrisco Grant. The exhibits in the record show that Rosendo Garcia, the plaintiff in Cause No. 46,255 acquired title to the lands in controversy by mesne conveyances stemming from Fermin Garcia. It was after acquiring this title that Rosendo Garcia as plaintiff instituted Cause No. 46,255.

With this background the matter now rests for decision.

■ Appellants are justified in examining with minute care transactions by an officer of a Board adverse to the remainder of the Board. See 13 Am.Jur., Corporations, § 1005. However, the facts here disclose that the lands were found by the board to be the property of Fermin Garcia, long before Rosendo Garcia acquired title from successors in interest to Fermin Garcia. The Town of Atrisco would have been compelled to rescind its action and to repudiate its records to have defended Cause No. 46,255. The charge of fraud loses its force when thus analyzed and takes on the appearance of a vehicle used as a means of reviving issues put to rest long ago.

The argument vehemently advanced by the appellants is directed to the lack of authority in trial court to enter an order once an appeal has been granted, from a final order.

■ At first glance it would appear that this contention has merit. On the other hand, a careful reading of Section 21-1-1 (60) New Mexico Statutes, 1953, Annotated, supplies the answer to this attack. The trial court concluded that there was no fraud and that the doctrine of res judicata applied. The same reasons underlying the doctrine of res judicata impel this court to reiterate that our primary function is to correct an erroneous result, rather than to approve or disapprove the grounds on which it is based.

The order dismissing the complaint should be affirmed.

It is so ordered.

McGHEE and COMPTON, JJ., and C. ROY ANDERSON and J. V. GALLEGOS, District Judges, concur.