395 P.2d 676

**MOUNTAIN VIEW CORPORATION,**
Plaintiff-Appellee,

v.

Sam G. HORNE, Jr., Ruth Imogene Horne, Seth T. Fields, Katherine Fields, Herschel E. Davis, Ellene Davis and Sylvia I. Ellis, d/b/a Horne Food Stores, a co-partnership, Defendants-Appellants.

No. 7481.

Supreme Court of New Mexico.

Sept. 8, 1964.

Rehearing Denied Oct. 23, 1964.

---

Frazier & Cusack, Roswell, for appellants.

Sanders & Bruin, B. R. Baldock, Roswell, for appellee.

NOBLE, Justice.

Defendants have appealed from a judgment requiring specific performance of a real estate contract.

Seller (plaintiff) represented itself to be the fee simple owner of the land, free of defects, liens and encumbrances. It agreed to convey when a specified portion of the purchase price had been paid. At the time of execution of the written contract of sale and purchase, the property was subject to a mortgage and to certain restrictions and easements. The first title policy furnished the escrow agent was subject to those conditions. Purchasers (defendants) defaulted in payment of the first installment required by the contract, and seller brought action for specific performance and was awarded judgment for two installments then due with a provision in the decree for further application to the court if they were not paid within thirty days. The title defects were cleared after commencement of the action, but before judgment, and a title policy free of exceptions was filed with the escrow agent.

. ■ . We find no merit to defendants' argument that seller's failure to have a clear title at the time of execution of the contract entitled defendants to rescission, nor do we agree that the statement of clear title in the contract amounted to fraud or misrepresentation.

■■ We are clear that the contract in this instance was an executory one for conveyance of the real estate. Seller's assertion therein of ownership free of defects is not necessarily a misrepresentation even though there were defects at the time. The general rule, and the established law in New Mexico, is that failure of a vendor to have the clear title he agrees to convey does not justify rescission or repudiation by a vendee if vendor can perform by delivery of the agreed title at the time required by the contract for such performance. Montgomery v. First Mortgage Co., 38 N.M. 148, 29 P.2d 331; Clark v. Ingle, 58 N.M. 136, 266 P.2d 672. Accordingly, if the seller is able to deliver the title agreed upon when the contract requires conveyance, he may ordinarily compel specific performance by the purchaser. See 22 A.L.R.2d 508, 560.

This contract requires the seller to convey when a certain amount of the purchase price has been paid. No showing has been made either of such payment or of a tender thereof, and seller corrected the defects and was able to convey the title agreed upon before the time required by the contract for vendor's performance. Purchasers have failed to show themselves in a position to rescind or repudiate the contract.

 Error claimed as a result of the court's denial of a jury trial is likewise without merit. The action here is clearly one in equity for specific performance, and the parties were not entitled to a jury for the trial thereof. The issue of indebtedness was not one cognizable only in a court of law, but was an issue in the equitable action under equity practice. Young v. Vail, 29 N.M. 324, 222 P. 912, 34 A.L.R. 980; and see Martinez v. Mundy, 61 N.M. 87, 295 P.2d 209; Porter v. Alamocitos Land & Livestock Co., 32 N.M. 344, 256 P. 179.

██ Finally, the court's conclusion that defendants are estopped from questioning validity of the contract or plaintiff's title is claimed as reversible error. The judgment, however, is supported upon other grounds, and it therefore becomes unnecessary to consider the point. A reviewing court's function is to correct an erroneous result rather than to approve, or disapprove the grounds upon which it is based. Armijo v. Shambaugh, 64 N.M. 459, 330 P.2d 546; American Refrigerator Transit Co. v. Shepard, 53 N.M. 271, 206 P.2d 551.

It follows that the judgment appealed from should be affirmed.

It is so ordered.

CARMODY and CHAVEZ, JJ., concur.