426 P.2d 781

Paul CRUMPACKER, Plaintiff-Appellee,

v.

P. G. ADAMS, d/b/a Lovington Ready Mix Concrete Company, Defendant-Appellant.

No. 8160.

Supreme Court of New Mexico.

March 20, 1967.

Rehearing Denied May 1, 1967.

Smith, Smith & Tharp, Clovis, for appellant.

Stagner, Sage, Walker & Estill, Carlsbad, for appellee.

OPINION

NOBLE, Justice.

The defendant, P. G. Adams, has appealed from a judgment in favor of plaintiff, Paul Crumpacker, for a balance found to be due under parol contracts for the furnishing of equipment and services principally in crushing and loading rock.

The firm of Crumpacker & Hough orally contracted to crush rock or caliche and, in addition, on what was known as the "Railroad Job," to load the crushed caliche ballast on railroad cars. The trial court found that the partnership was dissolved after completion of the contract and that by virtue of the dissolution, this cause of action became the property of Paul Crumpacker.

Defendant asserts that the action is barred by § 67–16–14, N.M.S.A.1953, the pertinent portion of which reads:

"No contractor as defined by section 3 of this act shall * * * bring or maintain any action in any court of the state for the collection of compensation for the performance of any act for which a license is required by this act without alleging and proving that such contractor was a duly licensed contractor at the time the alleged cause of action arose[,]"

because of plaintiff's failure to allege or prove that the partnership held a contractor's license. Defendant contends a license issued to Paul Crumpacker, one of the partners, fails to satisfy the statutory requirement. It is well established that the contractors' license law and the rules and regulations issued pursuant thereto compel partnerships required to be licensed to hold a license in the partnership name. Nickels v. Walker, 74 N.M. 545, 395 P.2d 679. However, it is axiomatic that a defendant, seeking to invoke the statute prohibiting an unlicensed contractor

636

from maintaining an action, must establish that the plaintiff was in fact required by § 67–16–2, N.M.S.A.1953, to be licensed. We find neither a finding of any fact by the court nor evidence in the case to support a finding that Crumpacker & Hough performed work requiring them to be licensed.

Section 67–16–2, N.M.S.A.1953, defines those required to be licensed as:

" * * * a person, firm, copartnership, corporation, * * * who for either a price, fee, or percentage, undertakes * * * to construct, alter, repair, add to or improve any building, excavation, or other structure, project, development or improvement, * * *."

This was neither a "project, development or improvement" such as the mining operation in Salter v. Kindom Uranium Corp., 67 N.M. 34, 351 P.2d 375, relied upon by defendant. The statute expressly excludes those merely furnishing materials or supplies, saying:

" * * * the term contractor * * * shall not include anyone who merely furnishes materials, or supplies without fabricating the same into, or consuming the same in the performance of the work of the contractor * * *."

■ The fact that the trial court may have erroneously concluded that a license held by Paul Crumpacker individually satisfied any license requirement does not require reversal. It is not the function of an appellate court to merely correct errors. A correct decision will not be disturbed or reversed because the court gave a wrong or insufficient reason therefor. Lockhart v. Wills, 9 N.M. 344, 54 P. 336; Atma v. Munoz, 48 N.M. 114, 146 P.2d 631; Heron v. Garcia, 48 N.M. 507, 153 P.2d 514; Armijo v. Shambaugh, 64 N.M. 459, 330 P.2d 546; Mountain View Corp. v. Horne, 74 N.M. 540, 395 P.2d 676. In our view, materials were furnished which were neither fabricated into nor consumed in the performance of the work, and, accordingly, these services fell within an exception to the contractors' license law.

■ Defendant argues that an allowance of wages for time spent in operating equipment by Crumpacker & Hough, as an expense of operation was contrary to the agreement between the parties. He points to plaintiff's testimony that the plaintiffs originally agreed to furnish the crushed rock for compensation computed on an hourly basis, but that at the commencement of the railroad job, the parties each agreed to furnish certain equipment and to divide the profits, after deducting the expenses of operation, obtained from a contract between defendant and the Atchison, Topeka and Santa Fe Railway Company. Our examination of the record discloses that there is testimony that the wages the partners charged as an expense of operation were only those which they would have been

required to pay other employees if they had not performed the labor themselves, and was a proper charge as an expense of operation. There is substantial support in the evidence for the amount allowed. The court having found that the agreement was to divide the profits after deducting expenses, we cannot say that the allowance of wages to the parties for actual time spent in the operation of equipment was improper as an expense of operation.

We, likewise, find no merit to the defendant's contention that an item of $815.48 for costs of repairs required to be made on both plaintiff's and defendant's equipment and incurred by plaintiff was not made necessary by breakage on the job. Defendant draws certain inferences from testimony respecting the condition of the machinery and the terms of the parties' agreement and urges us to determine that these were not proper items of expense.

It is well settled that even though there may have been contrary evidence or inferences which might be drawn from the evidence which would have supported a different finding by the trial court, an appellate court may not weigh the evidence or determine the facts. Sanchez v. Garcia, 72 N.M. 406, 384 P.2d 681; Gladin v. Compton, 72 N.M. 175, 381 P.2d 961. An appellate court will examine the evidence only to determine whether it substantially supports the judgment when viewed in the light most favorable in its support. Moore v. Moore, 71 N.M. 495, 379 P.2d 784; Trujillo v. Clark, 71 N.M. 288, 377 P.2d 958; Utter v. Marsh Sales Co., 71 N.M. 335, 378 P.2d 374. Viewing the evidence here in that light, there is substantial support for the finding made by the trial court.

Defendant's final contention is that the trial court erred in refusing to allow him a set-off for similar repairs to be incurred on his own machinery. However, the trial court, in a case tried without a jury, is the sole judge of the credibility of witnesses and the weight to be given to their testimony. Luna v. Flores, 64 N.M. 312, 328 P.2d 82; Chesher v. Shafter Lake Clay Co., 45 N.M. 419, 115 P.2d 636. The figures testified to by defendant were estimates in round figures, in many instances, and none of these claimed expenses were supported either by cancelled checks, invoices, or other evidence. The record makes it apparent that the trial court evidently refused to believe much of defendant's testimony. The trial court had a right so to do, and, accordingly, this court will not interfere with the trial court's judgment as to the credibility of the witness. Allsup v. Space, 69 N.M. 353, 367 P.2d 531.

The judgment appealed from should be affirmed, and it is so ordered.

MOISE, J., and SPIESS, J., Court of Appeals, concur.